**DAI YING LIN, Petitioner,**

v.

**UNITED STATES DEP'T OF JUSTICE, Respondent.**

No. 03–41130–ag.

United States Court of Appeals, Second Circuit.

Nov. 16, 2006.

Dehai Zhang, Flushing, NY, for Petitioner.

R. Andrew Bassford, Assistant United States Attorney, (John L. Brownlee, United States Attorney, on the brief), United States Attorney's Office for the Western District of Virginia, Roanoke, VA, for Respondent.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES and ROSEMARY S. POOLER *, Circuit Judges.

---

* Judge Pooler would grant the petition for review and, accordingly, does not join the panel's decision.

## SUMMARY ORDER

Petitioner Dai Ying Lin, a native and citizen of the People's Republic of China, seeks review of a November 20, 2003 decision of the Board of Immigration Appeals ("BIA") affirming an August 15, 2002 decision by Immigration Judge ("IJ") Barbara A. Nelson that denied petitioner's application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *See In re: Dai Ying Lin,* No. A 77–354–217 (B.I.A. Nov. 20, 2003), *aff'g* No. A 77–354–217 (Immig. Ct. N.Y. City Aug. 15, 2002). Petitioner claims on appeal that the BIA erred in affirming the IJ's finding that petitioner did not prove either past persecution or a well-founded fear of future persecution on account of her religion.

Where, as here, the BIA issues an opinion that adopts the IJ's findings and reasoning, we review the decision of the IJ as if it were the decision of the BIA. *See Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 156–58 (2d Cir.2006); *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 400 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

■ The IJ did not err in finding that petitioner failed to show she suffered past persecution while she was living in China. In particular, the IJ did not err when she concluded that the events referenced in petitioner's testimony—*i.e.,* several incidents of verbal harassment and a single incident in which petitioner was kicked by Chinese authorities—did not rise to the level of persecution that may serve as the basis of an asylum claim. *See Tian–Yong*

*Chen v. INS,* 359 F.3d 121, 128 (2d Cir. 2004) (observing that conduct constituting persecution "must rise above mere harassment"); *see also Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005) ("[M]inor beatings and brief detention, even detentions lasting two or three days, do not amount to political persecution ... Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive.") (internal quotation marks and citations omitted).

■ Nor did the IJ err in concluding that petitioner had not established a well-founded fear of future persecution upon her return to China. *See Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 67 (2d Cir.2002) ("[T]he applicant must prove that he has a genuine fear and that a reasonable person in the applicant's position would share that fear."). The IJ based her conclusion in this regard on the findings that (1) petitioner had never been arrested or physically abused other than allegedly being kicked in the ankle on one occasion; (2) petitioner's siblings and parents continued to practice Roman Catholicism in China and were alleged to be facing only minor harassment; (3) petitioner's fear that she would be punished for illegally leaving China was not the result of any punishment she might face specifically on account of her religion; (4) the background materials submitted by petitioner indicated that religious harassment had subsided in some areas. These findings, taken together, provide substantial evidence to support the IJ's conclusion that any subjective fears petitioner held were not based upon "proof or objective facts that lend support to [those fears]," *Melgar de Torres v. Reno,* 191 F.3d 307, 311 (2d Cir.1999) (citation omitted).

## CONCLUSION

We have considered petitioner's remaining claims and find them to be without merit. Accordingly, the petition for review is hereby **DENIED.**